995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard LOERO, Defendant-Appellant.
 No. 92-2050.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1993.
 
 Before KEITH, and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Richard Loero challenges the district court's order imposing 97 months of imprisonment for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Because we lack jurisdiction over this appeal, we DISMISS.
 
 I.
 
 2
 In January 1991, defendant was indicted for one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846; one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of failure to appear, in violation of 18 U.S.C. § 3146. On March 26, 1992, defendant pled guilty to possession with intent to distribute cocaine, and pursuant to a plea agreement, the government dismissed the other counts. The plea agreement stated that as calculated under the Sentencing Guidelines, the maximum sentence would be 97 months. On July 21, 1992, the district court sentenced defendant to the maximum sentence of 97 months, noting the seriousness of the offense and that the government had already given defendant "a substantial break" by dismissing the failure to appear charge.
 
 II.
 
 3
 We exercise limited review over district court sentencing. A defendant may only appeal his sentence if it (1) is imposed in violation of law, (2) constitutes an incorrect application of the Sentencing Guidelines, (3) is outside the guideline range and is unreasonable, or (4) where no guideline applies, is plainly unreasonable. 18 U.S.C. § 3742(e); United States v. Dellinger, No. 92-5409, 1993 U.S.App. LEXIS 3207, at * 4 (6th Cir. Mar. 1, 1993).
 
 
 4
 Here, defendant argues that the district court erred when it sentenced him to the maximum possible term because the government dismissed the failure to appear charge. This argument does not fall within any of the enumerated bases required to appeal a sentencing order. As we stated in United States v. Sawyers, 902 F.2d 1217 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991), because the defendant's "sentence was within the guideline range, he is actually precluded from appealing." Id. at 1221 n. 5 (citing 18 U.S.C. § 3742). See also United States v. Chalkias, 971 F.2d 1206, 1218 (6th Cir.), cert. denied, 113 S.Ct. 351 (1992) (discussing limited appellate review of sentencing issues). Likewise, defendant here was sentenced within the guidelines range; therefore, we have no jurisdiction.
 
 
 5
 For the foregoing reasons, we DISMISS this appeal.